UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

BAYRON CANO CALERO,

    Petitioner,

v.

                                      No. 6:26-CV-250-H

MARKWAYNE MULLIN, et al.,

    Respondents.

## ORDER

Bayron Cano Calero entered the United States illegally four years ago. Dkt. No. 1 at 2. In June 2026, ICE detained Cano Calero pending the completion of his removal proceedings. *Id.* He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *Id.* Before the Court is Cano Calero's habeas petition, which demands his immediate release or a bond hearing based on the Fifth Amendment's Due Process Clause. *Id.* at 11–18.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered the factual allegations and legal contentions raised in the petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Cano Calero's petition, and it has determined that:

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747

(5th Cir. July 21, 2026).[1]  Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances.  *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026); *Garibay-Robledo*, 814 F. Supp. 3d 747, 759–60 (N.D. Tex. 2026).  And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A).  *Diaz Patino*, 822 F. Supp. 3d at 723–26.

Cano Calero's arguments in the petition are the same as the arguments raised in the cases above.  The Court previously found these arguments unavailing.  The Court has considered them anew in this petition and concludes that habeas relief is unwarranted.  Because it appears from the face of the petition that Cano Calero is not entitled to relief, the Court denies the petition.  Dkt. No. 1.  Counsel's motion for admission pro hac vice (Dkt. No. 3) is denied as moot.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on July 30 , 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention.  *See* Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026).  The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*.  Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.